Richard J. Meier, Esq.
Elite Legal Practice, P.C.
23441 South Pointe Dr., Suite 200
Laguna Hills, CA 92653
Tel: 949-536-9663
Richard@elitelegalpractice.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| Yolanda Younger,<br><br>    Plaintiff,<br><br>v.<br><br>Resurgent Acquisitions LLC,<br>c/o Corporation Service Company<br>1900 W. Littleton Boulevard,<br>Littleton, CO 80120<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT**<br><br><br><br>**Jury Demand Requested** |

**JURISDICTION AND VENUE**

1. This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

**PARTIES**

3. Plaintiff is a resident of the State of California.

4. Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. ("FDCPA").

5. Plaintiff incurred a "Debt" as defined in the FDCPA.

6. Defendant is a company with its principal office in the State of Delaware.

7. Defendant acquired the Debt after it was in default.

8. Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

9. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10. At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS COMMON TO ALL COUNTS

11. On or around May 9, 2024, Plaintiff's attorney notified Defendant that Plaintiff was represented.

12. Despite having notice of Plaintiff's representation, Defendant telephoned Plaintiff at least 1 time thereafter to collect the debt.

13. By contacting Plaintiff after having notice of attorney representation regarding the Debt, Defendant violated the FDCPA.

14. Defendant damaged Plaintiff.

## COUNT I

15. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

16. Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT III

17. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18. Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT III

19. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20. Defendant violated 15 USC § 1692c(a)(2) by communicating with Plaintiff after having notice of attorney representation.

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

22. Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Elite Legal Practice

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
Attorney for Plaintiff